# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Larry E. Redmon,
    Plaintiff

vs

Commissioner of Social Security,
    Defendant

Case No. 1:08-cv-594-SAS-TSH
(Spiegel, Sr. J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's motion to dismiss. (Doc. 7), and *pro se* plaintiff Redmon's response to this Court's March 4, 2010 Show Cause Order. (Doc. 13).

Pro se plaintiff Larry E. Redmon initiated this action with the filing of a motion to proceed *in forma pauperis* and the tendering of a complaint on September 5, 2008. (Doc. 1). The Court granted plaintiff's motion and the complaint was filed without pre-payment of fees on September 11, 2008. (Docs. 3, 4). Plaintiff also filed a motion for appointment of counsel which the Court conditionally granted, provided that the VLP could obtain counsel willing to accept the case and represent plaintiff. (Docs. 2, 8). The VLP was unable to locate an attorney to represent plaintiff. (Doc. 10). Accordingly, plaintiff is proceeding *pro se* in this matter.

Plaintiff brought this action seeking judicial review of the final decision of the Commissioner of Social Security that he was not entitled to either Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382(c). Defendant filed a motion to dismiss to which plaintiff did not respond. On march 4, 1020, this Court issued a Show Cause Order, directing plaintiff to why this action should not be dismissed for failure to timely file the complaint. (Doc. 11). Plaintiff timely filed a response to the

Court's Order on March 22, 2010. (Doc. 13). For the reasons set forth more fully below, the Court recommends that this action be dismissed.

Defendant moves the Court to dismiss the action for failure to timely file the complaint. Defendant contends that plaintiff failed to initiate this action within the statutory time limits established by the Social Security Act, 42 U.S.C. § 405(g). Defendant seeks an order dismissing this action as time-barred under the Act.

Defendant has submitted an affidavit setting forth the procedural history in this matter. (Doc. 7, Ex. 1). The Affidavit is unrebutted. The ALJ issued a decision denying plaintiff's claims for benefits on April 22, 2008. Plaintiff requested a review by the Appeals Council and the Appeals Council denied review on June 24, 2008, thus rendering the ALJ's decision the final decision of the Commissioner. Defendant contends that under the Act and applicable regulations, plaintiff was required to file suit on or before August 28, 2008, or 65 days after the date of the Appeal's Council's Notice.

Under the Act, a plaintiff has sixty days from receipt of the final decision within which to file an action seeking judicial review of the Commissioner's final decision. The Act provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The Commissioner has interpreted "mailing" as the date the individual receives notice of the Appeals Council decision ; and, the date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

Plaintiff's action seeking judicial review of the Commissioner's decision was untimely filed in this Court. In response to the Court's Show Cause Order, plaintiff filed copies of various medical records concerning current medical conditions with which he is faced. It appears from the documents submitted that plaintiff was referred

2

for treatment and or evaluation related to complaints of left arm pain in December of 2009. (Doc. 13, Ex. 1, p. 1). It also appears that as recently as this month plaintiff was scheduled for a prostate biopsy. (See Doc. 13, p. 1 and Ex. 1, p. 6). Neither plaintiff's response nor the documents he appended thereto demonstrate why plaintiff failed to comply with the filing deadlines for this action in August 2008. Plaintiff has failed to demonstrate that the filing deadline should be extended or equitably tolled.

Accordingly, it is hereby RECOMMENDED that defendant's motion (Doc. 7) be GRANTED and this action be DISMISSED.

_____
Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LARRY REDMON,<br>PLAINTIFF<br><br>VS.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>       DEFENDANT | CASE NO. 1:08-cv-594-SAS-TSH<br>(Spiegel, Sr. J.)<br>(Hogan, M. J.) |

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Larry E Redmon
    1724 Drake Rd
    Lebanon, OH 45036

2. Article Number (Transfer from service label): 7002 3150 0000 8389 8121

PS Form 3811, August 2001    Domestic Return Receipt

1:08cv594 (Doc.14)